I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL / Petr (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-16-13

DEPUTY CLERK

FILED
DEC 16 2013
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY_____DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND J. KITILYA,<br><br>  Petitioner,<br><br>  v.<br><br>C.R.C. NORCO,<br><br>  Respondent. | Case No. CV 13-4738-CAS (DFM)<br><br>ORDER TO SHOW CAUSE |

On July 1, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1. On September 20, Respondent filed an Answer to the Petition, contending that Petitioner has failed to exhaust the remedies available in the state courts with respect to each of his claims, and that his Petition must therefore be dismissed.[1] Dkt. 12. Petitioner has not filed

---

[1] Respondent also argues that the Petition must be dismissed for failure to properly name as Respondent the state officer having custody over Petitioner. See Memorandum of Points and Authorities in Support of Respondent's Answer at 2-3. Respondent concedes, however, that "the proper remedy often consists of, as in this case, simply the 'ministerial task' of amending the petition to name the proper respondent," noting further that

1  a timely reply. See Dkt. 3 at 1 (providing that any reply to the Answer must be
2  filed within 15 days of the date the Answer is filed).
3      Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a
4  petitioner has exhausted the remedies available in the state courts.[2] Exhaustion
5  requires that the prisoner's contentions be fairly presented to the state courts
6  and be disposed of on the merits by the highest court of the state. See <u>James v.</u>
7  <u>Borg</u>, 24 F.3d 20, 24 (9th Cir. 1994). Moreover, a claim has not been fairly
8  presented unless the prisoner has described in the state court proceedings <u>both</u>
9  the operative facts and the federal legal theory on which his claim is based.
10 See <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995); <u>Picard v. Connor</u>, 404
11 U.S. 270, 275-78 (1971). The petitioner must reference specific provisions of
12 the federal constitution, a federal statute or federal case law. See <u>Robinson v.</u>
13 <u>Schriro</u>, 595 F.3d 1086, 1101 (9th Cir. 2010). Mere mention of the
14 Constitution, or broad constitutional principles such as due process, equal
15 protection, and the right to a fair trial, is insufficient. <u>Fields v. Waddington</u>,
16 401 F.3d 1018, 1021 (9th Cir. 2005).
17     As a matter of comity, a federal court will not entertain a habeas corpus
18 petition unless the petitioner has exhausted the available state judicial remedies
19 on every ground presented in the petition. See <u>Rose v. Lundy</u>, 455 U.S. 509,
20 518-22 (1982). Petitioner has the burden of demonstrating that he has

---

Cynthia Y. Tampkins is the warden of the facility where Petitioner is incarcerated. <u>Id.</u> at 3. The Court therefore ORDERS, pursuant to Fed. R. Civ. P. 25(d), the substitution of Tampkins as Respondent.

[2] 28 U.S.C. § 2254(b)(1) provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987).

Of Petitioner's five grounds for relief, only the first two appear to have been presented to the California Supreme Court in any form. See Notice of Lodging (Dkt. 13), Lodged Document ("LD") 5. The Court concludes that Petitioner's Grounds Three, Four, and Five are therefore unexhausted.[3]

Petitioner's Ground One is also unexhausted. Although Petitioner's Ground One appears to track roughly the claim in the first ground of his state habeas petition, Petitioner made no reference therein to the federal constitution, federal law, a federal case, or a state case applying federal constitutional law. Merely mentioning "ineffective assistance of counsel" is insufficient to fairly present a federal ineffective assistance of counsel claim to a state court. See Baldwin v. Reese, 541 U.S. 27, 33 (2004) (holding that habeas petitioner's mere reference to "ineffective assistance" was insufficient to present federal claim to Oregon state court, where Oregon law also provided for a similar claim). Because the California Constitution likewise provides a right to effective counsel, Petitioner's petition before the California Supreme Court failed to identify the federal right as the subject of his ineffective assistance of counsel claim. See People v. Lucas, 12 Cal. 4th 415, 436 (1995) ("A criminal defendant is guaranteed the right to the assistance of counsel by both the state and federal Constitutions. (U.S. Const., 6th Amend.; Cal.

---

[3] The Petition's final claim is labeled as his sixth, but the Petition appears to contain only five claims.

exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987).

Of Petitioner's five grounds for relief, only the first two appear to have been presented to the California Supreme Court in any form. See Notice of Lodging (Dkt. 13), Lodged Document ("LD") 5. The Court concludes that Petitioner's Grounds Three, Four, and Five are therefore unexhausted.[3]

Petitioner's Ground One is also unexhausted. Although Petitioner's Ground One appears to track roughly the claim in the first ground of his state habeas petition, Petitioner made no reference therein to the federal constitution, federal law, a federal case, or a state case applying federal constitutional law. Merely mentioning "ineffective assistance of counsel" is insufficient to fairly present a federal ineffective assistance of counsel claim to a state court. See Baldwin v. Reese, 541 U.S. 27, 33 (2004) (holding that habeas petitioner's mere reference to "ineffective assistance" was insufficient to present federal claim to Oregon state court, where Oregon law also provided for a similar claim). Because the California Constitution likewise provides a right to effective counsel, Petitioner's petition before the California Supreme Court failed to identify the federal right as the subject of his ineffective assistance of counsel claim. See People v. Lucas, 12 Cal. 4th 415, 436 (1995) ("A criminal defendant is guaranteed the right to the assistance of counsel by both the state and federal Constitutions. (U.S. Const., 6th Amend.; Cal.

---

[3] The Petition's final claim is labeled as his sixth, but the Petition appears to contain only five claims.

1 | Const., art. I, § 15.) Construed in light of its purpose, the right entitles the
2 | defendant not to some bare assistance but rather to *effective* assistance.")
3 | (citations omitted).
4 |      The Court does not conclude, however, that Ground Two is
5 | unexhausted. In his state habeas petition Petitioner specifically referenced the
6 | due process rights in the Fifth and Fourteenth Amendments in support of his
7 | contention that his plea bargain was improper because it resulted from his
8 | mental incapacity. See LD 5 at 4. The Court therefore concludes that
9 | Petitioner's federal constitutional claim in Ground Two was fairly presented to
10 | the California Supreme Court. See McKinney v. Ryan, 730 F.3d 903, 911-12
11 | (9th Cir. 2013) (holding that federal claim was fairly presented to state court on
12 | the basis of reference to the Fifth Amendment in appellate brief's table of
13 | contents).
14 |      If it were nonetheless clear that Petitioner's unexhausted claims were
15 | procedurally barred under state law, then the exhaustion requirement would be
16 | satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v.
17 | Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d
18 | 1308, 1312 (9th Cir. 1991). However, the Court concludes that it is not clear
19 | that the California Supreme Court will hold that Petitioner's unexhausted
20 | claims are procedurally barred under state law if Petitioner were to raise them
21 | in a habeas petition to the California Supreme Court, as such a proceeding is
22 | an original proceeding not subject to the same timeliness requirement as a
23 | Petition for Review of a Court of Appeal decision. See, e.g., In re Harris, 5
24 | Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claiming
25 | sentencing error, even though the alleged sentencing error could have been
26 | raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405 (1952)
27 | (noting that claims that fundamental constitutional rights have been violated
28 | may be raised by state habeas petition). The Court therefore concludes that this

is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. See 28 U.S.C. § 2254(b)(1)(B).

The Court thus concludes that the Petition as it presently stands is a "mixed petition" containing both exhausted and unexhausted claims. Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991); Castille, 489 U.S. at 349. However, in Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." See id. at 277-78.

Here, Petitioner has never requested that the Court hold the Petition in abeyance until after he exhausts his state remedies with respect to his unexhausted claim, let alone purported to make the three necessary showings under Rhines. Per Rhines, where the petitioner has presented the Court with a mixed petition and the Court determines that stay and abeyance is inappropriate, the Court must "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." See Rhines, 544 U.S. at 278; see also Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013).

IT THEREFORE IS ORDERED that, on or before January 24, 2014, Petitioner either (a) file a stay-and-abeyance motion if he believes he can make the requisite three showings under Rhines; (b) file an Amended Petition deleting the unexhausted claims; or (c) show cause in writing, if he has any, why this action should not be dismissed without prejudice for failure to exhaust state remedies unless Petitioner withdraws his unexhausted claim.

Dated: December 16, 2013

DOUGLAS F. McCORMICK
United States Magistrate Judge